GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By:  OLGA I. ZVEROVICH
     Assistant United States Attorney
     One St. Andrew's Plaza
     New York, New York 10007

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
United States Department of Justice Tax Division
By:  NANETTE L. DAVIS, Senior Litigation Counsel
     SEAN M. GREEN, Trial Attorney
     150 M Street, N.E.
     Washington, DC 20002


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,                  :

               Plaintiff,                  :        VERIFIED COMPLAINT

               -v.-                        :        20 Civ. ____

CERTAIN FUNDS ON DEPOSIT IN                :
VARIOUS ACCOUNTS DETAILED HEREIN,
AND ALL FUNDS TRACEABLE THERETO,           :

                                           :

               Defendant *in rem*.
- - - - - - - - - - - - - - - - - - -x

          Plaintiff United States of America, by its attorneys,

GEOFFREY S. BERMAN, United States Attorney for the Southern

District of New York, and RICHARD E. ZUCKERMAN, Principal Deputy

Assistant Attorney General for the United States Department of

Justice Tax Division, for its Verified Complaint (the

"Complaint") allege, upon information and belief, as follows:

# I.    JURISDICTION AND VENUE

1.    This action is brought by the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(a)(1)(A), seeking to recover funds on deposit in five bank accounts in Singapore (the "Defendant Funds"), which constitute proceeds of a scheme to defraud the Internal Revenue Service ("IRS") through the use of interstate and foreign wires, and property involved in money laundering.

2.    The Defendant Funds that the United States of America is seeking to forfeit are the following:

  a. Any and all funds including but not limited to $2,230 USD on deposit in account number 503245425301 in the name of MMT International Holdings Ltd. at Oversea-Chinese Banking Corporation in Singapore, and all funds traceable thereto (Subject Account-1);

  b. Any and all funds including but not limited to $708,570 USD on deposit in account number 503609240401 in the name of MMT International Holdings Ltd. at Oversea-Chinese Banking Corporation in Singapore, and all funds traceable thereto (Subject Account-2);

  c. Any and all funds including but not limited to 432,377 CNH on deposit in account number 0003-0216417-01-0 in the name of MMT International Holdings Ltd. at DBS Bank in Singapore, and all funds traceable thereto (Subject Account-3);

  d. Any and all funds including but not limited to 5,523,412 CNH on deposit in account number 0003-009818-1 in the name of MMT International Holdings

2

Ltd. at DBS Bank in Singapore, and all funds
traceable thereto (Subject Account-4); and

e. Any and all funds including but not limited to
8,011,574 HKD on deposit in account number 0003-
021646-01-9 in the name of MMT International
Holdings Ltd. at DBS Bank in Singapore, and all
funds traceable thereto (Subject Account-5);

(collectively, the "Subject Accounts").

3.   This Court has jurisdiction pursuant to 28 U.S.C.
§§ 1345 and 1355.

4.   Venue is proper pursuant to 28 U.S.C.
§ 1355(b)(1)(A) because acts and omissions giving rise to the
forfeiture took place in the Southern District of New York.

5.   The Defendant Funds constitute proceeds of wire
fraud and property involved in money laundering, and are thus
subject to forfeiture to the United States pursuant to Title 18,
United States Code, Sections 981(a)(1)(C) and 981(a)(1)(A).

## II.   NATURE OF THE ACTION

6.   From at least in or about 2001 through at least
in or about January 2019, in the Southern District of New York
and elsewhere, WAYNE FRANKLYN CHINN, a/k/a "Frank Chinn"
("CHINN") willfully and knowingly engaged in a scheme to defraud
the United States of America of a substantial part of the income
taxes due and owing by CHINN for the calendar years 2001 through

3

2018 and to launder the proceeds of the fraudulent scheme.
CHINN perpetrated the fraudulent scheme, which involved the use
of interstate and foreign wires, through various means,
including, among others: (a) concealing more than $5 million in
undisclosed and untaxed income (the "Undisclosed Funds") in
offshore accounts at foreign banks, including Privatbank IHAG,
based in Zurich, Switzerland; (b) utilizing nominee individuals,
Liechtenstein and Panamanian foundations, and trusts to hold
said offshore accounts for CHINN's benefit without disclosing
the said accounts to U.S. authorities and paying income taxes on
the income and assets thereon; and (c) with the help of co-
conspirators, routing CHINN's Undisclosed Funds from undisclosed
accounts at Privatbank IHAG through several nominee bank
accounts outside of Switzerland, including accounts in Hong
Kong, before returning the Undisclosed Funds to Privatbank IHAG
in nominee accounts held in the name of a Singapore-based trust
company purportedly on behalf of two foundations created by a
co-conspirator as part of the scheme to continue to conceal
CHINN's income and assets from U.S. authorities.

        7.    After CHINN's Undisclosed Funds returned to
Privatbank IHAG as part of the above-described fraudulent
scheme, CHINN, working with other co-conspirators, continued to

take steps to promote the tax evasion scheme and fraudulently
conceal the Undisclosed Funds from the U.S. authorities,
including by causing a substantial part of the Undisclosed Funds
to be transferred from Switzerland to undeclared bank accounts
in Singapore (the "Singapore Nominee Accounts").  The Singapore
Nominee Accounts were nominally held in the name of a Singapore-
based asset management firm.  In actuality, however, the funds
transferred to the Singapore Nominee Accounts belonged to CHINN.

8.   Numerous financial transfers among foreign
accounts in furtherance of the fraudulent scheme described
herein passed through correspondent banks in the Southern
District of New York.  For example, on or about July 26, 2012,
CHINN and his co-conspirators caused approximately $1,200,000
USD in CHINN's funds to be transferred from an account at
Privatbank IHAG in Switzerland to one of the Singapore Nominee
Accounts through a correspondent bank in the Southern District
of New York.

9.   Ultimately, starting in or about 2014, CHINN,
working with other co-conspirators, caused the Defendant Funds,
which represent a portion of the Undisclosed Funds, to be
transferred into the Subject Accounts in Singapore, in order to

promote his tax evasion scheme and defraud the U.S. government by further concealing the Undisclosed Funds.

10.   In furtherance of the tax evasion scheme, the Subject Accounts are nominally held in the name of a corporate entity, MMT International Holdings Ltd., purportedly for the benefit for a third party.  In actuality, however, the Defendant Funds held in the Subject Accounts belong to CHINN, who continues to maintain a financial and ownership interest in the Defendant Funds.  The Subject Accounts are currently frozen by the Singapore government, which froze the Subject Accounts independently of the U.S. investigation of CHINN.

## IV.   CLAIMS FOR FORFEITURE

### CLAIM ONE
### Forfeiture Under 18 U.S.C. § 981(a)(1)(C)
### (Proceeds of Wire Fraud)

11.   Paragraphs 1 through 10 of this Verified Complaint are incorporated by reference and re-alleged as if fully set forth herein.

12.   Title 18, United States Code, Section 981(a)(1)(C) subjects to forfeiture:

> Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section . . . any offense constituting "specified unlawful

6

activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

13.  Title 18, United States Code, Section 1956(c)(7)(A) defines the term "specified unlawful activity" to mean, in relevant part, "any act or activity constituting an offense listed in section 1961(1) . . . ."

14.  Title 18, United States Code, Section 1961(1)(B), in turn, specifically refers to "any act which is indictable under any of the following provisions of Title 18, United States Code . . . Section 1343 (relating to wire fraud)."

15.  Title 18, United States Code, Section 1343 provides that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

16.  As detailed above, CHINN, together with other co-conspirators, engaged in a scheme to defraud the United States

of substantial income taxes.  To execute this fraudulent scheme, the perpetrators used interstate and foreign wires, including through the Southern District of New York, to transfer the Defendant Funds between various undisclosed offshore accounts. As such, the Defendant Funds constitute or were derived from proceeds traceable to wire fraud, and thus, are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C).

<u>**CLAIM TWO**</u>
**Forfeiture Under 18 U.S.C. § 981(a)(1)(A)**
**(<u>Property Involved in Money Laundering</u>)**

17.  Paragraphs 1 through 10 of this Complaint are incorporated by reference and re-alleged as if fully set forth herein.

18.  Title 18, United States Code, Section 981(a)(1)(A) subjects to forfeiture:

> Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 . . . of this title, or any property traceable to such property.

19.  Title 18, United States Code, Section 1956(a)(1) provides criminal penalties for:

(a)(1)  Whoever knowing that the property
involved in a financial transaction
represents the proceeds of some form of
unlawful activity, conducts or attempts to
conduct a financial transaction which in
fact involves the proceeds of specified
unlawful activity –

      (A)(i) with the intent to promote the
           carrying on of specified
           unlawful activity; or

       (ii) with intent to engage in
            conduct constituting a
            violation of section 7201 or
            7206 of the Internal Revenue
            Code of 1986; or

      (B)  knowing that the transaction is
      designed in whole or in part –

            (i)  to conceal or disguise the   nature,
            the location, the source, the ownership, or
            the control of the proceeds of specified
            unlawful activity; or

            (ii) to avoid a transaction reporting
            requirement under State or Federal law.

20.  Title 18, United States Code, Section

1956(a)(2)(A) provides criminal penalties for:

(a)(2) Whoever transports, transmits, or
transfers, or attempts to transport,
transmit or transfer a monetary instrument
or funds from a place in the United States
to or through a place outside the United
States or to a place in the United States

9

from or through a place outside the United
States –

   (A)  with the intent to promote the
   carrying on of specified unlawful
   activity.

21.   Title 18, United States Code, Section
1956(c)(7)(A) defines the term "specified unlawful activity" to
mean, in relevant part, "any act or activity constituting an
offense listed in section 1961(1) . . . ."

22.   Title 18, United States Code, Section 1961(1)(B),
in turn, specifically refers to "any act which is indictable
under any of the following provisions of Title 18, United States
Code . . . Section 1343 (relating to wire fraud)."

23.   Property "involved in" a money laundering offense
includes any property used to facilitate the offense, including
untainted funds comingled with criminal proceeds, and the assets
of businesses or shell companies that are, as entities, involved
in the laundering offenses.  *See United States* v. *All Assets of
G.P.S. Auto. Corp.*, 66 F.3d 483, 486 (2d Cir. 1995) (affirming
forfeiture of all assets of corporation that "served as a
conduit for the proceeds of the illegal transactions"); *United
States* v. *Schlesinger*, 261 F. App'x 355, 361 (2d Cir. 2008)
(summary order) (same); *In re 650 Fifth Ave.*, 777 F. Supp. 2d

10

529, 567 (S.D.N.Y. 2011) ("The ability to forfeit a business entity which is used to facilitate the offense of money laundering is well established." (internal quotation marks omitted)).

24.   As part of the above-described scheme to defraud the United States of substantial income taxes, CHINN and his co-conspirators transferred the Defendant Funds, which represent proceeds of the wire fraud scheme described herein, between various undisclosed accounts outside the United States, including through accounts in the United States, doing so with the intent to promote the fraudulent scheme carried out against the United States and to engage in tax evasion, in violation of 26 U.S.C. § 7201, and knowing that these financial transactions were designed at least in part to conceal and disguise the nature, location, source, ownership, and control of the Defendant Funds, as well as to avoid transaction reporting requirements, namely the requirement to file FBARs reporting CHINN's offshore accounts, under federal law.  The Defendant Funds are held in the name of entities that were created and used for the purpose of promoting the fraudulent scheme carried out against the United States and concealing the proceeds of that scheme.  As such, the Defendant Funds constitute property

involved in money laundering in violation of Title 18, United
States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(A)(ii),
1956(a)(1)(B)(i), 1956(a)(1)(B)(ii), and 1956(a)(2)(A), or
property traceable thereto, and are therefore subject to
forfeiture pursuant to Title 18, United States Code, Section
981(a)(1)(A).

WHEREFORE, plaintiff the United States of America
prays that process issue to enforce the forfeiture of the
defendant *in rem* and that all persons having an interest in the
defendant *in rem* be cited to appear and show cause why the
forfeiture should not be decreed, and that this Court decrees
forfeiture of the defendant *in rem* to the United States of
America for disposition according to law, and that this Court
grant plaintiff such further relief as this Court may deem just

and proper.

Dated:      New York, New York
            April 30, 2020

                              GEOFFREY S. BERMAN
                              United States Attorney for
                              Plaintiff United States of America


                    By:

                              _____
                              OLGA I. ZVEROVICH
                              Assistant United States Attorney
                              One St. Andrew's Plaza
                              New York, New York 10007
                              (212) 637-2514

                              RICHARD E. ZUCKERMAN
                              Principal Deputy Assistant
                              Attorney General for Plaintiff
                              United States of America


                    By:

                              _____
                              NANETTE L. DAVIS, Senior
                              Litigation Counsel
                              SEAN M. GREEN, Trial Attorney
                              (202) 514-8030 / (202) 307-2554

VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )


          BRYAN CHO, pursuant to Title 28, United States Code,

Section 1746, hereby declares under penalty of perjury that he

is a Special Agent with the Internal Revenue Service, Criminal

Investigation; that he has read the foregoing Verified Complaint

and knows the contents thereof; that the same is true to the

best of his knowledge, information and belief; and that the

sources of his information and the grounds of his belief are his

personal involvement in the investigation, and conversations

with and documents prepared by law enforcement officers and

others.


                              _____
                              BRYAN CHO
                              Special Agent
                              Internal Revenue Service,
                              Criminal Investigation